1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10

| | |
|---|---|
| **MARTIN GUILLORY,** | 1:16-cv-00796 MJS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | (Doc. 1) |
| **BOARD OF PAROLE HEARINGS,** | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER |
| Respondent. | |

17
18        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.

20   **I.      DISCUSSION**

21        **A.      Procedural Grounds for Summary Dismissal**

22        Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

23        If it plainly appears from the petition and any attached exhibits that the
          petitioner is not entitled to relief in the district court, the judge must dismiss
24        the petition and direct the clerk to notify the petitioner.

25        The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a

26   petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the

27   respondent's motion to dismiss, or after an answer to the petition has been filed.  See

28   Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague,

1  conclusory, or palpably incredible are subject to summary dismissal. Hendricks v.

2  Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be

3  dismissed without leave to amend unless it appears that no tenable claim for relief can

4  be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

5  **B.   Factual Summary**

6  On June 9, 2016, Petitioner filed the instant petition for writ of habeas corpus.

7  (Pet., ECF No. 1.) Petitioner challenges the October 30, 2014 decision of the Board of

8  Parole Hearings ("Board") finding him unsuitable for parole. Petitioner claims the Board

9  and the California courts unreasonably determined that there was some evidence he

10  posed a current risk of danger to the public if released. It further appears that Petitioner

11  is claiming that the actions of the Board were in violation of state law, subjecting him to a

12  grossly disproportionate sentence. Finally, Petitioner contends that the application of the

13  relevant California provisions governing parole unlawfully extended his sentence in

14  violation of ex post facto principles.

15  **C.   Federal Review of State Parole Decisions**

16  Because the petition was filed after April 24, 1996, the effective date of the

17  Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in

18  this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481

19  (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

20  A district court may entertain a petition for a writ of habeas corpus by a person in

21  custody pursuant to the judgment of a state court only on the ground that the custody is

22  in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§

23  2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L.

24  Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

25  The Supreme Court has characterized as reasonable the decision of the Court of

26  Appeals for the Ninth Circuit that California law creates a liberty interest in parole

27  protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair

28  procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-

62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). <u>Swarthout</u>, 131 S.Ct. at 862. In <u>Swarthout</u>, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In <u>Greenholtz</u>, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

<u>Swarthout</u>, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

<u>Swarthout</u>, 131 S.Ct. at 862. The Court in <u>Swarthout</u> expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. <u>Id.</u> at 862-63. This is true regardless whether Petitioner is challenging a decision by the Board to deny parole or the Governor's reversal of a parole grant. <u>Swarthout</u>, 131 S. Ct. at 860-61; <u>Styre v. Adams</u>, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision.").

Here, Petitioner argues that the Board improperly relied on evidence relating to

1    Petitioner's past criminal history. (Pet.) In so arguing, Petitioner asks this Court to

2    engage in the very type of analysis foreclosed by <u>Swarthout</u>. In this regard, Petitioner

3    does not state facts that point to a real possibility of constitutional error or that otherwise

4    would entitle him to habeas relief because California's "some evidence" requirement is

5    not a substantive federal requirement. Review of the record for "some evidence" to

6    support the denial of parole is not within the scope of this Court's habeas review under

7    28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence

8    supporting the unsuitability finding should be dismissed.

9        Although Petitioner asserts that his right to due process of law was violated by the

10   Board's decision, Petitioner does not set forth any specific facts concerning his

11   attendance at the parole hearing, his opportunity to be heard, or his receipt of a

12   statement of reasons for the parole decision. Petitioner has not alleged facts pointing to

13   a real possibility of a violation of the minimal requirements of due process set forth in

14   <u>Greenholtz</u>, 442 U.S. 1.

15       **D.    Failure to State Cognizable Claim**

16       To the extent that Petitioner attempts to state a claim regarding his parole denial

17   based on the application of state law, it fails. A federal court may only grant a petition for

18   writ of habeas corpus if the petitioner can show that "he is in custody in violation of the

19   Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method

20   for a prisoner to challenge the "legality or duration" of his confinement. <u>Badea v. Cox</u>,

21   931 F.2d 573, 574 (9th Cir. 1991), quoting, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485, 93

22   S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Advisory Committee Notes to Rule 1 of the Rules

23   Governing Section 2254 Cases.

24       In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method

25   for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500

26   U.S. 136, 141-42, 111 S. Ct. 1737, 114 L. Ed. 2d 194 (1991); <u>Preiser</u>, 411 U.S. at 499;

27   <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing

28   Section 2254 Cases.

1    Petitioner seeks release from confinement. Therefore, his claims implicate the fact

2  or duration of his confinement, and are properly presented by way of a habeas corpus

3  petition. However, a district court may entertain a petition for a writ of habeas corpus by

4  a state prisoner only on the ground that the custody is in violation of the Constitution,

5  laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v.

6  Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v.

7  Corcoran, 562 U.S. 1, 131 S. Ct. 13, 16, 178 L. Ed. 2d 276 (2010).

8    Federal habeas relief is not available to retry a state issue that does not rise to the

9  level of a federal constitutional violation. Wilson v. Corcoran, 131 S.Ct. at 16 (2010);

10  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

11  Alleged errors in the application of state law are not cognizable in federal habeas

12  corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002) (an ex post facto claim

13  challenging state court's discretionary decision concerning application of state

14  sentencing law presented only state law issues and was not cognizable in a proceeding

15  pursuant to 28 U.S.C. § 2254); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

16  The Court accepts a state court's interpretation of state law. Langford, 110 F.3d at 1389.

17  In a habeas corpus proceeding, this Court is bound by the California Supreme Court's

18  interpretation of California law unless the interpretation is deemed untenable or a veiled

19  attempt to avoid review of federal questions. Murtishaw v. Woodford, 255 F.3d 926, 964

20  (9th Cir. 2001).

21    In this case, Petitioner argues that the state courts improperly denied his release

22  under California parole laws, but does not specifically raise any federal challenges to the

23  application of the state laws. Without alleging a federal basis for his claims, Petitioner

24  has not presented claims entitled to relief by way of federal habeas. However, the Court

25  notes that Petitioner presents a cognizable federal claim with regard to whether the

26  parole denial violated his rights under the ex post facto clause. The claim is addressed

27  below.

28

1     **F.    Ex Post Facto Violation**

2        In his petition, Petitioner alleges that the Board's five year denial violated the Ex

3 Post Facto Clause. The ex post facto challenge appears to be a challenge the

4 amendments to the parole process made by Marsy's Law.

5        Proposition 9, also called "Marsy's Law," was passed by California voters in 2008,

6 and was codified in California Penal Code § 3041.5(b)(3). It altered the frequency of

7 parole suitability hearings for prisoners found unsuitable for parole. Prior to the adoption

8 of Marsy's Law, the default was for reconsideration of parole suitability at a new hearing

9 in one year, although the Board had discretion to defer the next parole suitability hearing

10 for a longer period. Marsy's Law increased the presumptive interval to fifteen years, and

11 reduced — but did not eliminate — the Board's discretion to shorten it. Cal.Penal Code §

12 3041.5. In Petitioner's case, the Board exercised its discretion to select a shorter

13 permissible interval, specifically, five years.

14        Assuming that Petitioner's claim is properly raised in a habeas proceeding, it is

15 subject to dismissal because petitioner is a member of the plaintiff class in Gilman v.

16 Fisher, Case No. 2:05-CV-0830-MCE CKD (E.D.Cal.) ("Gilman"), which is comprised of

17 "all California State prisoners who have been sentenced to a life term with possibility of

18 parole for an offense that occurred before November 4, 2008." See Gilman, 2014 U.S.

19 Dist. LEXIS 26386, *3, Order filed Feb. 28, 2014 (ECF No. 532 at 1-2) (citation and

20 internal quotation marks omitted). Like the other plaintiffs in Gilman, Petitioner alleges

21 that retroactive application of Proposition 9 creates a significant risk that he will receive a

22 longer period of incarceration than he would have under the law as it existed when he

23 was sentenced. On February 28, 2014, the court in Gilman issued an order granting the

24 Gilman class declaratory and injunctive relief, including entitlement to annual parole

25 hearings unless the Board expressly finds that a longer deferral period is warranted. See

26 Gilman, 2014 U.S. Dist. LEXIS 26386, *82 (ECF No. 532 at 57-58). However on

27 February 22, 2016, the Ninth Circuit reversed the decision of the district court and

28 ordered judgment entered in favor of the State of California. See Gilman v. Brown, 814

1   F.3d 1007, 1009 (9th Cir. 2016). The Ninth Circuit issued its formal mandate to the

2   district court on June 2, 2016, but judgment has yet to be entered.

3        Members of the <u>Gilman</u> class "may not maintain a separate, individual suit for

4   equitable relief involving the same subject matter of the class action." <u>Gilman</u>, 2010 U.S.

5   Dist. LEXIS 143678, *3, Order filed Dec. 10, 2010 (ECF No. 296 at 2). Petitioner has not

6   shown that he has opted out of the <u>Gilman</u> class. Accordingly, Petitioner's ex post facto

7   claim based upon the application of Marsy's Law should be dismissed without prejudice

8   and adjudicated along with the claims of the other class members in <u>Gilman</u>. <u>See</u>

9   <u>Crawford v. Bell</u>, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise

10   its jurisdiction when another court having jurisdiction over the same matter has

11   entertained it and can achieve the same result.").

12        For the foregoing reasons, Petitioner's ex post facto challenge to Marsy's Law

13   should be dismissed without prejudice.

14        A petition for habeas corpus should not be dismissed without leave to amend

15   unless it appears that no tenable claim for relief can be pleaded were such leave

16   granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971). Notwithstanding Petitioner's

17   ex post facto claim, which should be dismissed without prejudice, as it is not possible

18   that federal relief could be granted with regard to the other claims, it is recommended

19   that petition for writ of habeas corpus be dismissed.

20   **II.    <u>RECOMMENDATION</u>**

21        Accordingly, it is RECOMMENDED that the petition be DISMISSED without leave

22   to amend for failure to state a cognizable claim for relief. Further, the Court ORDERS the

23   Clerk of Court to assign a District Court Judge to the present matter.

24        These findings  and recommendations are submitted to the United States District

25   Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636

26   (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

27   Eastern District of California. Within thirty (30) days after being served with a copy, any

28   party may file written objections with the Court and serve a copy on all parties. Such a

1   document should be captioned "Objections to Magistrate Judge's Findings and

2   Recommendations." Replies to the objections shall be served and filed within fourteen

3   (14) days (plus three (3) days if served by mail) after service of the objections. The Court

4   will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The

5   parties are advised that failure to file objections within the specified time may waive the

6   right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th

7   Cir. 2014).

8

9   IT IS SO ORDERED.

10      Dated:   June 17, 2016           /s/ Michael J. Seng

11                                   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28